THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* PHILIP GEFFIN, Appellant.

Crimes — appeal — practice — application for leave to appeal
to Court of Appeals in criminal case must be made within
thirty days — if certificate granted after expiration of thirty
days appeal must be taken forthwith.

An application for a certificate permitting an appeal to the Court
of Appeals in a criminal case must be made within thirty days after
the judgment was rendered or the order entered. If the judge to
whom the application is made does not decide the matter within the
thirty days, the appeal must be taken after the certificate is granted,
forthwith.

*People* v. *Geffin,* 218 App. Div. 755, appeal dismissed.

(Submitted March 28, 1927; decided April 5, 1927.)

MOTION to dismiss an appeal from a judgment of the
Appellate Division of the Supreme Court in the first
judicial department, entered November 5, 1926, which
affirmed a judgment of the Court of General Sessions in
the county of New York, rendered upon a verdict con-
victing the defendant of the crime of criminally receiving
stolen property in the first degree.

*Joab H. Banton, District Attorney (Robert Daru* of
counsel), for motion.

*Vincent T. Follmar* and *John J. Curtin* opposed.

*Per Curiam.* On March 12, 1926, the defendant was
convicted of criminally receiving stolen property in the
first degree and sentenced to not less than two and
one-half years nor more than five years in State's prison,
and a fine of $500. Thereafter an appeal was taken to
the Appellate Division of the Supreme Court, first depart-
ment, which made an order on November 5, 1926, unani-
mously affirming the order of conviction. On February
18, 1927, one of the judges of this court granted a
certificate permitting an appeal pursuant to section 521

[245 N. Y. 75]        Opinion *Per Curiam.*        [Apr.,

of the Code of Criminal Procedure. A motion has now been made by the district attorney to dismiss the appeal upon the ground that the application for the certificate was not made in time. This motion was made at the suggestion of the judge granting the certificate in order that this court may settle the practice regarding these applications.

Under the amendments to section 520 made by the Laws of 1926, chapter 465, taking effect July 1, 1926, but one appeal is allowed in a criminal case as matter of right. An appeal must be taken within thirty days after the judgment is entered. A further appeal may be taken to the Court of Appeals where a judge of that court or a justice of the Appellate Division of the department in which such conviction was had certifies that a question of law is involved which ought to be reviewed by the Court of Appeals. The Legislature, however, has failed to prescribe any time within which the application for such a certificate shall be made.

By section 521 an appeal must be taken within thirty days after the judgment was rendered or the order entered. The word " order " evidently refers to the order of the Appellate Division. As the appeal must be taken within thirty days after the entry of such an order it necessarily follows that the application for the certificate permitting such an appeal must also be applied for within those thirty days.

The application for the certificate in this case was made more than three months after the affirmance by the Appellate Division. It was too late. The motion to dismiss the appeal should be granted and appeal dismissed.

It may happen that the judge to whom the application is made may not be able to decide the matter within the thirty days. In such case, the appeal must be taken after the certificate is granted, forthwith.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Appeal dismissed.